# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| ASFA Uluslararasi Insaat Sanayi Ve | ) ASBCA No. 61471 |
| Ticaret AS | ) |
| | ) |
| Under Contract No. W912PB-13-P-0157 | ) |

APPEARANCE FOR THE APPELLANT:  D. Lee Toedter, Esq.
Coeur d'Alene, ID

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Jason W. Allen, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE WILSON
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government moves for summary judgment, arguing that appellant cannot, as a matter of law, prove that the government is liable for the claimed costs because the costs were not expressly allowable in the contract. Appellant opposes the motion, alleging that the government is responsible for payment of the traffic fines, penalties, and violations incurred by the government's personnel while using appellant's vehicles during performance of the contract. The Board denies the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On March 12, 2013, the Army (hereinafter Army or government) entered into a firm-fixed-price contract with ASFA Uluslararasi Insaat Sanayi Ve Ticaret AS (ASFA or appellant) for a six-month lease of five vans in Turkey. The original contract term was from March 15, 2013 to September 14, 2013. The contract included two six-month options for continued lease, to run from September 15, 2013 to March 14, 2014 and March 15, 2014 to September 14, 2014, respectively. (R4, tab 1 at 1-5)

2. The contract contained various standard clauses, including Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (FEB 2012), paragraph (c), Changes (R4, tab 1 at 11-15).

3. The contract was silent as to which party would be responsible for traffic tickets, fines, and penalties incurred by government personnel while using the vehicles during the performance period (R4, tab 1).

4. On April 11, 2013, bilateral Modification No. P00001 was implemented, changing the initial period of performance to run from March 22, 2013 to September 21, 2013. As part of this modification, the periods of performance for the first and second options were changed to September 22, 2013 to March 21, 2014, and March 22, 2014 to September 21, 2014, respectively. (R4, tab 2 at 1-4)

5. The government exercised the first option period on August 27, 2013, through Modification No. P00002 (R4, tab 3).

6. By Modification No. P00003, dated March 21, 2014, the government exercised the second option period (R4, tab 4).

7. On June 1, 2017, ASFA submitted its claim to the government for $11,953.54, alleging it was entitled to reimbursement for fines, tolls, and toll-fee penalties incurred by government employees who drove the rented vans during the contract performance period (R4, tab 9).

8. In its claim, ASFA alleged that the traffic fines, tolls, and toll-fee penalties were registered against the rental vehicles by local and state Turkish authorities, rather than against individual vehicle operators (R4, tab 10; compl. ¶¶ 7, 10-11).

9. For the purposes of this motion only, the government does not dispute that the charges were incurred by its employees (gov't mot. at 3-4).

10. The contracting officer (CO) issued a final decision on October 12, 2017, denying some of the requested reimbursement. The CO determined a portion of the claim related to "HSG tolls" was allowable, and ordered reimbursement in the amount of $940.44. However, the CO found that $11,013.10 was unallowable because paying this portion, which consisted of the penalties and fees, would be "in violation of US fiscal policy to pay for violations of the law which a traffic or HSG toll penalties constitutes." (R4, tab 11 at 6)

11. Appellant filed a timely appeal to the Board on January 4, 2018, which was docketed as ASBCA No. 61471.

DECISION

The government contends that appellant cannot satisfy its burden of proof and show that the claimed costs are allowable under the contract or the FAR. The government argues two main points – that this firm-fixed-price contract does not allow for additional costs and allowing any additional costs may be in violation of the Anti-Deficiency Act (ADA). (Gov't mot. at 6-12) Appellant opposes the motion,

2

primarily arguing that that would not be in violation of the ADA, but payment by appellant may actually constitute an improper gift from appellant to the government (app. opp'n at 2-5). We agree with the government that appellant's "apparent theory of recovery is that the government's failure to pay these costs constitutes a breach of the implied duty of good faith and fair dealings." Thus we first focus on whether the firm-fixed-price contract precludes an implied duty of good faith and fair dealing when it is not explicitly stated in the contract, making summary judgment appropriate.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Proveris Scientific Corp. v. Innovasystems, Inc.*, 739 F.3d 1367, 1371 (Fed. Cir. 2014); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We draw all justifiable inferences in favor of the nonmoving party. *CI², Inc.*, ASBCA Nos. 56257, 56337, 11-2 BCA ¶ 34,823 at 171,353.

The government argues it is not liable for any costs over and above the contract value unless a formal change is made to the contract. The government relies on the fact that this is a firm-fixed-price contract, and appellant should have, essentially, known better. (Gov't mot. at 6-8) For the purposes of this motion, the government admits that its employees were in sole possession and control of the vehicles at the time the fines and fees were incurred (SOF ¶ 9).

The government contends that because the express language of the contract does not establish a duty of care, none exists. The government cites to *Metcalf Constr. Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014), as its authority (gov't mot. at 13). However, the Board has analyzed, and denied, this same argument in *CiyaSoft Corporation*, ASBCA Nos. 59519, 59913, 18-1 BCA ¶ 37,084.

There, the government argued that because the express language of the contract did not establish a duty of care, none existed, again citing *Metcalf Construction*. *CiyaSoft*, 18-1 BCA ¶ 37,084 at 180,521-22. The Board rejected the government's argument, specifically holding:

> [C]ontracts can include implied duties, such as the duty of good faith and fair dealing. *SIA Construction, Inc.*, ASBCA No. 57693, 14-1 BCA ¶ 35,762 at 174,986 (citing *Metcalf Construction Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014)). The implied duty of good faith and fair dealing is limited by the circumstances involved in the

3

contract. The implied duty prohibits acts or omissions that, though not proscribed by the contract expressly, are inconsistent with the contract's purpose and deprive the other party of the contemplated value. *See First Nationwide Bank v. United States*, 431 F.3d 1342, 1350 (Fed. Cir. 2005) (duty was breached by legislation that "changed the balance of contract consideration"). The Supreme Court has addressed implied duties in contracts stating:

> [A] contract includes not only the promises set forth in express words, but, in addition, all such implied provisions as are indispensable to effectuate the intention of the parties and as arise from the language of the contract and the circumstances under which it was made, 3 Williston on Contracts, § 1293; *Brodie v. Cardiff Corporation*, [1919] A. C. 337, 358[)]....

*Sacramento Navigation Co. v. Salz*, 273 U.S. 326, 329 (1927). The Board also has indicated that when considering implied duties that the circumstances involved in the contract must be considered. *Free & Ben, Inc.*, ASBCA No. 56129, 09-1 BCA ¶ 34,127 at 168,742 (citing *Coastal Government Services, Inc.*, ASBCA No. 50283, 99-1 BCA ¶ 30,348 at 150,088).

*Id.* at 180,521. The Board went further, noting that in situations where the contract involved leased items, the Supreme Court has held:

> [I]n every lease there is, unless excluded by the operation of some express covenant or agreement, an implied obligation on the part of the lessee to so use the property as not to unnecessarily injure it.... This implied obligation is part of the contract itself, as much so as if incorporated into it by express language. It results from the relation of landlord and tenant between the parties which the contract creates.

*Id.* (quoting *United States v. Bostwick*, 94 U.S. 53, 65-66 (1876); *see also A&B Ltd. Partnership v. GSA*, GSBCA No. 15208, 04-1 BCA ¶ 32,439 at 160,504-05). The Board found that the government could not show that the "implied duty would conflict with, exceed, or otherwise alter the express provisions of the contract, particularly in

4

light of the government's argument the contract imposed no duties on the government." *Id.* at 180,522.

Here, contrary to the government's assertions, a duty of care may exist even when it is not expressly written into a contract. The Board has carefully considered the Army's arguments and the underlying contract in question, but concludes that there are genuine issues of material fact that preclude summary judgment. Thus, the Board must consider the contract as a whole, including formation and intent. There are genuine issues as to circumstances surrounding how the fines and penalties in question occurred, the capacity in which those who incurred the fines were acting, and if the circumstances surrounding the contract's creation establish or preclude an obligation by the government to be liable for fines and penalties registered against the vehicles while in the government's control. As such, these above-noted issues are fact intensive and, based on the current record, are not ripe to be resolved by summary judgment. *Cooley Constructors, Inc.*, ASBCA No. 57404, 11-2 BCA ¶ 34,855 at 171,457. Because the issues of fact identified above require us to deny summary judgment, the Board need not address the parties' arguments related to the ADA.

## CONCLUSION

The government's motion is denied.

Dated: February 5, 2019

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61471, Appeal of ASFA Uluslararasi Insaat Sanayi Ve Ticaret AS, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals